In re Stephen L. JOHNSTON,
Disciplinary Proceeding.

No. 13622.

Supreme Court of Utah.

July 9, 1974.

Ronald N. Boyce, Salt Lake City, for Stephen L. Johnston.

Robert W. Miller Salt Lake City, for Utah State Bar Commission.

CROCKETT, Justice:

This is a disciplinary proceeding in which the Utah State Bar Commission has recommended that Stephen L. Johnston be suspended for one year for conduct violative of his duties as an attorney.

Pursuant to complaints made against him, and a preliminary investigation thereof, the screening committee, by its chairman, Merlin R. Lybbert, filed a formal complaint (and later an amended complaint). A special committee consisting of Richard H. Moffat, chairman, John C. Beaslin and Arthur H. Nielsen was appointed to hear the matter.

Appropriate proceedings and hearings on the matters complained of resulted in a finding by that committee: that the attorney had "engaged in conduct prejudicial to the administration of justice" on one count, by delivering a check, "when he knew there was not sufficient funds in the account to cover the same, he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation"; and on another, in neglecting his duties as an attorney to his client.

The findings were adopted by the Bar Commission, whose conclusion was:

That it is hereby recommended to the Supreme Court of Utah that Stephen L. Johnston be suspended from the practice of law in this State for a period of one year and that as a condition to reinstatement he be ordered to reimburse the Utah State Bar for the actual expenses incurred by it in connection with this disciplinary proceeding.

BOARD OF COMMISSIONERS,
UTAH STATE BAR

by: LaVar E. Stark
President

As to the first count, his counsel argues that the giving of the check was neither a criminal offense,[1] nor did it ac-

---

1. That giving worthless check for prior debt or obligation usually does not constitute crime see Ann. 95 A.L.R. 500.

tually constitute fraud.[2] Assuming the correctness of counsel's argument that the evidence does not establish all of the elements of either a crime or of actionable fraud, such a disciplinary proceeding is not necessarily concerned with technical niceties as to whether the conduct of an attorney constitutes a crime, or makes out all of the elements of a cause of action for fraud. The essence of the charge, and of the finding, is that of violating the principles of professional conduct required of an attorney, which admittedly require a high standard of honesty, integrity and responsibility to his client and the public.

In regard to the second count, concerning the failure and neglect of his duties as an attorney, he acknowledges his dereliction, but offers an explanation of mitigating circumstances. It appears to be an unquestionable fact that during the time in which these events occurred Mr. Johnston was suffering from a serious physical ailment, and also from emotional and nervous disturbances. These matters were fully explored in the testimony and are shown in the findings of the Commission; and there can be no doubt that they were taken into account in the recommendation.

■ We are aware that the action of the Bar Commission is but a recommendation to this court for action thereon. Nevertheless, this court has declared and reiterated that in considering the findings and recommendation of the Committee, it will indulge them with presumption of correctness and propriety; and will not disregard or overturn them unless something is made to appear to persuade the court that the Commission has acted capriciously, arbitrarily, or beyond the scope of its powers.[3]

■ Acting in accordance with and under the guidance of that rule, we see no reason to disagree with the findings of the Bar Commission that the attorney's conduct fell short of the required standards mentioned above; neither do we see any reason to disagree with the recommended suspension for a period of one year. However, in that connection we note as follows: It is represented to us that from and after September 13, 1973, when the amended complaint was filed and served, this proceeding has in practical effect prevented Mr. Johnston from practicing and that he has not actively engaged in the practice of law since that date. In view of that fact it seems proper that he should be given credit for that time on the period of suspension; and that upon his compliance with the conditions of the order quoted above, requiring reimbursement of the Bar for the actual expenses incurred in this proceeding, he should be entitled to resume his practice from and after September 13, 1974. Such is the order.

CALLISTER, C. J., and ELLETT and TUCKETT, JJ., concur.

HENRIOD, Justice (commenting):

Without concurring or dissenting, I would rather suggest that we terminate petitioner's suspension *now*, rather than as of one year from September 13, 1973, because there is sufficient matter in the record to indicate that an abortive order in one Judicial District, purporting to prevent his practice anywhere in the state effectively rendered him inoperative long before September 13,—and thus he has served his sentence, so to speak.

The generalization in the main opinion that we consistently uphold the Commission if it has not been shown to have been arbitrary, capricious and beyond its powers, is in my opinion a bit too broad, in the light of the recent Badger case [1] where we affirmed an out-and-out recommendation of the Bar for complete disbarment and ordered unconditional disbarment—only to wipe out the Commission's recommendation and our decision by a Per Curiam decision

2. Elements necessary to establish fraud see Stuck v. Delta Land & Water Co., 63 Utah 495, 227 P. 791; Pace v. Parrish, 122 Utah 141, 247 P.2d 273.

3. See In re Badger, 27 Utah 2d 174, 493 P. 2d 1273, and authorities therein cited.

1. In re: Badger, 28 Utah 2d 240, 501 P.2d 106 (1972). Other cases of similar complexion could be cited.

(where this writer dissented), by saying "The order heretofore entered on February 15, 1972, 27 Utah 2d 174, 493 P.2d 1273, *is set aside*. It is now ordered that . . . [he] be suspended . . . for . . . two years commencing this date." No reason was given. The record reveals no order requiring payment of costs on reinstatement or proof of qualifications to resume the practice—as is the case here,—which seems to be a bit inconsistent with the consistency suggested in the main opinion.